FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 31 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LAWRENCE BLANKYMSEE,

          Petitioner,

      - against -

ANTHONY J. ANNUCI, Acting commissioner,
Department of Corrections and Community
Supervision

          Respondent.
-----------------------------------------------------------x
CHRISTOPHER BRINSON ,

          Petitioner,

      - against -

SHELDA WASHINGTON, Superintendent
Edgecombe Correctional Facility

          Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-cv-4953 (SLT)

**MEMORANDUM AND ORDER**

13-cv-5014 (SLT)

**TOWNES, United States District Judge,**

    In two separate actions, Petitioners Lawrence Blankymsee and Christopher Brinson brought habeas petitions under 28 U.S.C. § 2254 to challenge the imposition of their post-release supervision upon resentencing. Both Petitioners were originally sentenced to both determinate and indeterminate terms, and both received a 5 year term of post-release supervision at resentencing hearings that occurred after expiration of their determinate terms but while they remained in custody under their indeterminate terms. Represented by the same counsel making identical arguments, both Petitioners contend that inclusion of post-release supervision in their

resentencing violated the Double Jeopardy Clause. Because, as explained below, the Second Circuit recently rejected the exact arguments the Petitioners make here, both petitions are denied.

## BACKGROUND

*A.   Petitioner Blankymsee*

On April 28, 2004 Blankymsee was convicted in state court of two counts of possession of a loaded firearm, two counts of possession of a firearm as a person previously convicted of a crime, two counts of a third-degree possession of a controlled substance, and one count of seventh-degree possession of a controlled substance. (Case No. 13-cv-4953, ECF No. 1, ("Blankymsee Pet.") at 4). The court sentenced him shortly thereafter to concurrent terms of imprisonment for each count. (Blankymsee Pet. at 4). Specifically, he was sentenced to two determinate 5 year terms for the loaded firearm counts, two indeterminate 3 to 6 year terms for the remaining weapon possession counts, two indeterminate 8 to 16 year terms for the felony controlled substance counts, and one year for the misdemeanor count. (*Id.*) The sentencing court announced no post-release supervision ("PRS").

In 2010 the New York Department of Correctional and Community Supervision ("DOCCS") alerted the sentencing court that it had not imposed PRS, which New York Penal Law at the time made mandatory for every determinate sentence.[1] (Blankymsee Pet., Exs. B-D).

---

[1] When both Blankymsee and Brinson were sentenced, New York Penal law provided that "[e]ach determinate sentence also includes, as part thereof, an additional period of post-release supervision." N.Y. Penal Law § 70.45(1) (McKinney 1999). In 2008, the New York Legislature amended §70.45(1) to provide that, "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision" for length of terms determined elsewhere in the penal code. N.Y. Penal Law § 70.45 (McKinney 2009). The same legislation also introduced procedures for imposing PRS in cases it should have been but was not expressly "stated" at sentencing as required by the amended § 70.45 and decisional law. *See generally People v. Williams*, 14 N.Y. 3d 198, 206-08, *cert. denied*, 562 U.S. 947 (2010). Specifically, "section 601-d of the Correction Law was added to permit DOCS to notify sentencing courts that PRS had not been properly imposed in

2

On October 20, 2010, after Blankymsee had completed his 5 year determinate term but remained in custody serving his indeterminate terms, the court resentenced him and expressly imposed 5 years of PRS. (Blankymsee Pet. Ex. B).

Blankymsee appealed his resentencing to the Appellate Division, Second Department, contending that imposition of PSR violated the Double Jeopardy Clause because, at the time of resentencing, he had already finished serving the determinate sentence that rendered PSR mandatory. (Blankymsee Pet. at 5). The Appellate Division affirmed his sentence, holding that his double jeopardy rights were not violated because he was still serving a "single, combined sentence" when resentenced. *People v. Blankymsee*, 938 N.Y.S.2d 816 (2d Dep't 2012). The Court of Appeals granted leave and affirmed on similar grounds in a consolidated opinion addressing both Blankymsee's and Brinson's appeals. (Pet. Ex. A., *People v. Brinson*, 21 N.Y.3d 490 (2013)).

### B. Petitioner Brinson

Petitioner Brinson was convicted of robbery in the second and third degrees and grand larceny in the fourth degree. (Case No. 13-cv-5014, ECF No. 1, ("Brinson Pet.") at 4). In July 2000, the sentencing court imposed a 10 year determinate term for the second degree robbery count and indeterminate terms of 3 to 6 and 2 to 4 years for the other counts. (Brinson Pet. at 4). The indeterminate counts were imposed consecutive to the 10 year determinate counts, but

---

certain cases . . . and to have these defendants returned to the original sentencing courts for modification of their sentences to include PRS." *Williams*, 14 N.Y.3d at 208. That procedure was followed in each of the instant cases.

3

concurrent with each other. (*Id.*) As with Petitioner Blankymsee, the sentencing court made no mention of PRS.

In April 2010, after he had exhausted his 10 year determinate term but remained in custody serving his consecutive indeterminate terms, Brinson appeared for resentencing. (Brinson Pet. at 4). As with Blankymsee, his resentencing added 5 years of PRS. (*Id.*)

Brinson appealed to the Appellate Division and, like Blankymsee, argued that imposition of PRS violated the Double Jeopardy Clause because, at the time of resentencing, he had already finished serving the determinate sentence that rendered his PSR mandatory under New York Penal Law § 70.45. (*Id.* at 5). The Appellate Division rejected that argument, holding as it did in Blankymsee's appeal that his original sentence constituted a single, aggregated sentence and that imposition of PRS therefore did not violate his double jeopardy rights. (*Id.* at 6). The Court of Appeals then granted Brinson leave to appeal his resentencing and affirmed in an opinion addressing both his and Blankymsee's appeals.

### C. *New York State Court of Appeal's Consolidated Decision*

Petitioners made materially identical arguments to the Court of Appeals, where they were represented by the same counsel from Appellate Advocates that represent them here. Both premised their arguments on *United States v. DiFrancesco*, 449 U.S. 117 (1980), contending that they had a "legitimate expectation of finality" concerning their original sentences and that the imposition of PRS therefore violated the Double Jeopardy Clause's prohibition against multiple punishments. (Blankymsee Pet. at 6-8; Brinson Pet. at 6-8). The Court of Appeals affirmed each Petitioner's resentencing, concluding that each of their "respective resentences do not constitute violations of the Double Jeopardy Clause because defendants do not have a legitimate

4

expectation of finality until they have completed their aggregated sentences under Penal Law § 70.30." *People v. Brinson*, 21 N.Y.3d 490, 493 (2013). Neither petitioner had a legitimate expectation of finality, the court determined, because state law presumes that "defendants [are] aware that a determinate prison sentence without a term of PRS is illegal" and that "defendants understood that their multiple sentences were subject to aggregation and/or merger under Penal Law § 70.30" and interpreting case law. *Id.* at 494 (citing *People v. Lingle*, 16 N.Y. 3d 621, 630, 633) (quotation marks and other citations omitted). Thus, the Court of Appeals rejected the Petitioners' efforts to construe their multiple terms as "discrete and insular" and held that they would have a legitimate expectation of finality only "upon completion of their respective aggregated sentences," which included their pending indeterminate terms. *Id.* at 495-96.

D.   *The Instant Petitions*

In their instant petitions, Blankymsee and Brinson again make identical arguments. Both repeat the argument made at the Court of Appeals that their resentencing violated their double jeopardy rights under *DiFrancesco*, asserting that they had a reasonable expectation of finality upon completion of their discrete, determinate terms. (Blankymsee Pet. at 17-22; Brinson Pet. at 18-22 ). Both also argue that their sentences were "aggregated" by DOCCS and not the sentencing court as required by *In Re Wampler*, 298 U.S. 460 (1936), and thus challenge what they call the Court of Appeals' "vague finding" that their sentences had been aggregated by the sentencing court. (Blankymsee Pet. at 10-17; Brinson Pet. 9-18).

**DISCUSSION**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides federal habeas relief to "a person in custody pursuant to the

5

judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2254(a). Federal courts may grant habeas relief only where the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The Petitioners here argue that the consolidated Court of Appeals opinion affirming their resentencing was "both contrary to, and an unreasonable application of" federal law established by *DiFrancesco* and *Wampler*. (Blankymsee Pet. at 9; Binson Pet. at 9). The Second Circuit has squarely rejected both arguments as made under virtually identical circumstances in *Smith v. Wenderlich*, 826 F.3d 641 (2d Cir. June 24, 2016).

In *Smith*, the Second Circuit considered a habeas petition from a state prisoner who, like Petitioners here, challenged the imposition of a 5 year PRS term after expiration of his determinate term but during the pendency of a consecutive indeterminate term. Originally sentenced to 11 years for robbery, the petitioner in *Smith* was later convicted while in custody for promoting prison contraband sentenced to an additional 2-4 year indeterminate term consecutive to his primary term. *Id.* at 642-44. As in the instant cases, DOCCS notified the sentencing court that it had sentenced Smith to a determinate term without imposing a period of PRS as required by New York Penal Law § 70.45, and the court added PRS at resentencing after expiration of his determinate term but while he remained in custody under his indeterminate term. *Id.* at 644-46. Smith appealed the resentencing to the Appellate Division, arguing that his double jeopardy rights had been violated under *DiFrancesco*. *Id.* The appellate division affirmed, citing its decision in Petitioner Brinson's appeal. *Id.* (citing *People v. Brinson*, 933 N.Y.S.2d 728, 729–30

(2d Dep't 2011)). Smith then sought leave to appeal from the Court of Appeals, which denied without prejudice to renew after resolution of the then-pending and consolidated appeals by the instant Petitioners Brinson and Blankymsee. *Id.* After the Court of Appeals affirmed the instant resentencings, it then denied Smith's second leave to appeal. *Id.* at 646. Smith then sought habeas relief in this court from Judge Gleeson, who denied his petition, and appealed to the Second Circuit. *Id.* at *6. There he made the same arguments made here, namely, that his resentencing was contrary to and involved an unreasonable application of clearly *DiFrancesco* and *Wampler*. *Id.*

The Second Circuit squarely rejected both arguments and affirmed. Regarding the *DiFrancesco*-based argument, the court held "that, under the deferential standard of AEDPA review, it is not contrary to or an unreasonable application of *DiFrancesco* for a state court to hold that the Double Jeopardy Clause permits the resentencing of a prisoner while he is still in prison, when such resentencing is necessary to impose a term of supervised release required by statute." *Id.* at 651. Regarding the second argument, the court held that Smith's resentencing was neither contrary to nor an unreasonable application of *Wampler* because that case involved "no issue . . . as to the permissibility of a sentence's amendment by the court." *Id.* at 652. That is, the court rebuffed Smith's efforts to construe his resentencing as an action performed by DOCCS and not the sentencing court because the "PRS term was imposed on [him] not by an administrator but by the court itself." *Id.* "Nothing in *Wampler* suggests that there must be a line of demarcation between a defendant's service of his non-concurrent prison terms; there were no non-concurrent prison terms in *Wampler*." *Id.* at 653.

For the same reasons the instant petitions must be denied. The Second Circuit has examined and rejected the exact arguments made here. *Smith* explicitly held that imposition of

PSR on defendants incarcerated at the time of resentencing is neither contrary to nor an unreasonable application of *DiFrancesco* or *Wampler*.

## CONCLUSION

For the reasons set forth above, the instant petitions for a writ of habeas corpus are **DENIED**. A certificate of appealability shall not issue because Petitioners have not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 112–13 (2d Cir. 2000). The Clerk of the Court is directed to enter judgment denying the petitions and closing both cases.

**SO ORDERED.**

/s/ *Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: March 31, 2017
Brooklyn, New York